**FILED & ENTERED**

**DEC 01 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fisherl    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lydia E Harris<br><br>                    Debtor(s). | Case No.: 1:96-bk-15521-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING AND MEMORANDUM OF OPINION ON MOTION TO REOPEN [dkt. 233]**<br><br>Date:         November 30, 2021<br>Time:        10:00 AM<br>Courtroom: 302 |

    The following is the tentative ruling, which the Court adopts as its memorandum of opinion, on the Motion to Reopen this chapter 7 case.

The Motion
    Lydia Harris, then represented by the Wasserman law firm (WCC), filed this chapter 7 bankruptcy case.  There were litigation claims in LASC case # BC340196 which were not listed on her schedules.  On 6/3/13, the bankruptcy court entered an order approving a settlement agreement between the Trustee and WCC in which WCC gave all litigation claims to the Trustee.  WCC did not disclose this agreement in the state court case.  The state court refuses to acknowledge the jurisdiction of the Bankruptcy Court and is exercising jurisdiction over the assets of the Harris bankruptcy estate.  The prior trustee, Helen Frazier, has not substituted in as the real party in interest in the state court cases - BC340196 or BC268857. The movant is one of the defendants in BC340196.

The bankruptcy case needs to be reopened so that the state court judge will recognize the jurisdiction of this court.

Opposition

In 2008, a judgment in excess of $1 million was entered against Mr. Givens in favor of Wasserman in case BC340195 (the Attorney Lien Case). [*The Court is confused because elsewhere it is described as BC340196 and therefore this might be a typo (opp. 2:12)*] This judgment was only against him and not against Ms. Harris and at least 4 different courts have ruled that the bankruptcy provides no basis for Mr. Givens to attack the judgment against him. He has been sanctioned for making this argument.

The following are part of the findings and fact and conclusions of law granting the Trustee's Motion for Approval of Compromise entered on 11/4/14 [*the Court is unable to locate this document on the bankruptcy case docket or connect it to any adversary proceeding*] :

5/17/1996 - Lydia Harris filed this bankruptcy without listing her claimed 50% interest in Death Row Records as an asset.

7/21/1997 - Ms. Harris was denied a discharge in her bankruptcy

12/15/1999 - The bankruptcy proceeding was closed without an administration of assets.

1/25/2002 - The Wasserman Firm entered into a retainer agreement with Harris under which WCC would receive 40% of any recovery from Harris' business claims, including her 50% interest in Death Row Records against the Knight defendants.

The following are based on documents attached to this opposition:

2/26/2002 - WCC filed LASC case BC268857 (Harris v. Knight) and obtained a judgment for $107 million.

5/20/2005 and 5/27/2005 - Dermot Givens, as attorney for the Knight Defendants, secretly delivered to Ms. Harris the amount of $1 million as partial payment on the $107 million judgment.

9/21/2005 - The Wasserman Firm filed BC340196 (the Attorney Lien Case) against Lydia Harris, Dermot Givens, Marion "Suge" Knight, and other as to that $1 million payment made to Ms. Harris.

4/4/2006 - the Knight Defendants filed chapter 11

7/2007 - the Attorney Lien Case went to trial in the Superior Court. Mr, Givens was the only remaining defendant because Ms. Harris had settled and the Knight Defendants were in bankruptcy.

8/21/2007 - The Harris bankruptcy was reopened on motion by the Trustee after she learned of the $107 million judgment obtained by Ms. Harris in Harris v. Knight (BC268857).

1/14/2008 - the Superior Court judge issued an intended decision on behalf of WCC and against Givens in the attorney lien case.

4/30/2008 - Judgment entered against Mr. Givens in the Attorney Lien Case for $1+ million. No other defendant. Mr. Givens did not appeal the judgment. Prior to this, Mr. Givens had twice removed the Attorney Lien Case to the bankruptcy court, but it had been remanded both times.

2/2015 - Mr. Givens moved to set aside the Attorney Lien Cases' judgment against him arguing that the superior court lacked jurisdiction because the contract between WCC and Harris was invalid as it was based on a prepetition asset of the

bankruptcy estate.  This motion was denied in May 2015 and also on the motion to reconsider.  Mr. Givens filed an appeal.

    3/29/2017 - the Court of Appeal rejected Mr. Given's arguments.

    11/7/2017 - Mr. Givens filed a complaint against WCC in the District Court seeking a declaration that the claims in the Attorney Lien Case were assets of the Harris bankruptcy estate and that WCC did not have standing to pursue or enforce the claims against him.

    3/5/2018 - The Givens declaratory relief complaint was dismissed as meritless and frivolous.

    10/5/2020 - sanctions were granted against Mr. Givens in the Harris v. Knight case for his repeated attempts to set aside the judgment in that case.

    11/30/2020 - In Harris v. Knight, the court denied another motion by Mr. Givens to set aside the $107 million judgment and awarded more sanctions to the Wasserman Firm.

    11/1/2021 - In the Attorney Lien Case, the superior court denied Mr. Given's motion to void the judgment against him and awarded sanctions to the Wasserman Firm.

Reply

    When the state court decided on 12/12/19 that this was not an asset of the bankruptcy, it was based on the claim of WCC that the litigation claims had been abandoned or that the Trustee had ratified the Harris judgment after the fact.  The Trustee never took such an action.

    WCC has not shown how they have standing in light of the Court's order [*I am not sure what order Mr. Givens is referring to*].  WCC has not dealt with the acknowledgment of the state court that the bankruptcy court has jurisdiction.  They do not show in the record where the Trustee abandoned the assets or ratified WCC's actions after the fact and do not cite any law for such ratification.  They have not cited any law that allows the state court to exercise jurisdiction over the bankruptcy estate asset or that state court rulings are precedent for this Court.

    Further, WCC does not address whether the Court's Order of 6/3/13 provides that the claims in the two state court cases are assets of the bankruptcy estate to be administered by the Trustee.

    Thus the case should be reopened and Trustee appointed.

Proposed Ruling

    "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 USC §350(b)

    The Final Report (dkt. 225) states that "all scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 USC §522, or have been or will be abandoned pursuant to 11 USC §554."  On 12/17/15 the case was closed.

    Section 554(c) states: "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposed of section 350 of this title."

    Because the claim of Harris as to Knight, et al was not in her schedules at any point in time, it was not automatically abandoned even though the Trustee certainly

knew about it. Vreugdenhill v. Navistar Int'l Transp. Corp., 950 F.2d 524 (8th Cir. 1991). However, abandonment is not the issue.

> [W]hether to reopen a bankruptcy case under 11 U.S.C. § 350(b) is subject to the discretion of the bankruptcy court. See, e.g., *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *Judd v. Wolfe*, 78 F.3d 110, 116 (3d Cir. 1996); *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991). The burden of demonstrating circumstances sufficient to justify the reopening is placed upon the moving party. See, e.g., *In re Saunders*, 2011 Bankr. LEXIS 520, 2011 WL 671765, at *2 (Bankr. M.D. Ga. 2011); In re Redcay, 2007 Bankr. LEXIS 4075, 2007 [*269] WL 4270378, at *2 (Bankr. E.D. Pa. 2007); *In re Cloninger*, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); *In re Nelson*, 100 B.R. 905 (Bankr. N.D. Ohio 1989),
>
> And in exercising that discretion, a court should consider a variety of factors:
>
> A bankruptcy judge may consider a number of nonexclusive factors in determining whether to reopen, including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims.
>
> *Redmond v. Fifth Third Bank*, 624 F.3d 793 798 (7th Cir. 2010); see, e.g., *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007).

. In re Canoe Mfg. Co., 466 B.R. 251, 268-9 (Bankr. E.D. Pa. 2012)

To reopen the bankruptcy case, the movant must show that s/he has standing. See discussion of Fed.Rule Bank. Proc. 5010 in In re Rizzo, 2016 Bankr. LEXIS 746, (Bankr. CA(C) 2016).

The Attorney Lien Case never involved the bankruptcy estate. It is neither a plaintiff nor a defendant. Whatever rights the estate had were settled by the Trustee and none exist at this time. The litigation in the Harris v. Knight case has been concluded in the state court. There is no relief to be granted in the bankruptcy court and thus it would be an abuse of discretion to reopen this bankruptcy case.

This issue has been decided several times by other courts and I find no grounds to reopen when no relief can possibly be given.

###

Date: December 1, 2021

Geraldine Mund
United States Bankruptcy Judge